**Cornelio R. BESINGA,
Plaintiff–Appellant,**

v.

**UNITED STATES of America; U.S.
Attorney General's Office,
Defendants–Appellees.**

No. 88–6333.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 1989.

Decided July 6, 1989.

Cornelio R. Besinga, Rosemead, Cal., pro se.

Michael C. Johnson, Asst. U.S. Atty., Los Angeles, Cal., for defendants-appellees.

Before FLETCHER, NELSON and NORRIS, Circuit Judges.

PER CURIAM:

Appellant Cornelio Besinga, a World War II veteran from the Philippines who now lives in California, brought this action seeking a declaration that the First Supplemental Surplus Appropriation Rescission Act of 1946, Pub.L. 79–301, 60 Stat. 6, is unconstitutional. Because the Act gives veterans of the Philippine military who fought under the direction of the United States only a fraction of the benefits given veterans of the United States military, Besinga claims that it deprives him of his due process and equal protection rights under the Fifth Amendment. The district court dismissed the action on the ground that Besinga's claim was barred by the prior adjudication of a class action in which he was represented. We affirm.

In *Filipino American Veterans and Dependents Ass'n v. United States*, 391 F.Supp. 1314 (N.D.Cal.1974), a class of World War II veterans from the Philippines[1] challenged the constitutionality of 38 U.S.C. § 107, which declared that their service was not "active military service"

---

1. The class consisted of:

   a Filipino Veterans Association and certain named plaintiffs, formerly residents of the Philippines but all of them now residents of California and three of them now citizens of

the United States, claiming to be World War II veterans or spouses of World War II veterans, and as such entitled to veterans' benefits provided under the laws of the United States. 391 F.Supp. at 1315.

for purposes of benefit payments. The plaintiffs claimed that the law deprived them of due process and equal protection. The court rejected their claims, holding that the veterans had no due process entitlement to the benefits and that the equal protection component of the Fifth Amendment permitted Congress to differentiate between veterans so long as there was a rational basis for differential treatment. The court further held that § 107 met the rationality requirement. *Id.* at 1323.

In class actions brought under Fed.R.Civ. P. 23, "the res judicata effect of a judgment extends to the entire class." *Kinney Shoe Corp. v. Vorhes,* 564 F.2d 859, 862 (9th Cir.1977). Unless the class representatives failed to provide fair and adequate representation, the judgment binds all members of the class. *See, e.g., Bowen v. General Motors Corp.,* 685 F.2d 160, 162 (6th Cir.1982) (per curiam). In the present case, the district court ruled that Besinga's claims were barred because he was a member of the class represented in *Filipino American Veterans* and his claims were identical to those adjudicate in the previous suit.

On appeal, Besinga argues that his claims are different from those decided in *Filipino American Veterans,* because he is challenging a different law than that challenged in the earlier suit. He argues that the statute at issue in *Filipino American Veterans* was 38 U.S.C. § 107, enacted in 1956, whereas he is challenging Public Law 79–301, enacted in 1946. This argument lacks merit. Public Law 79–301 is simply an earlier version of § 107, and its language is virtually identical. Each declares that the service of Filipino veterans who fought under United States command in World War II does not qualify as "active military service," and each gives those veterans a fraction of the benefits given American servicemen. Thus, the enactment which Besinga seeks to challenge is not different from that challenged in *Filipino American Veterans.* Moreover, the constitutional grounds for Besinga's suit are no different from those rejected in the earlier suit. Liberally construing his complaint, Besinga's argument is that the Re-

scission Act invidiously discriminates against him on the basis of race or alienage; that the statute deprives veterans of a fundamental interest so as to trigger strict scrutiny; that the statute has no rational basis; and that the statute deprives veterans of a property interest without due process. These claims were all addressed and rejected in the earlier case. *See* 391 F.Supp. at 1321–23.

Besinga also argues that he was not a member of the *Filipino American Veterans* class, which consisted of veterans "formerly residents of the Philippines but *all of them now residents of California.*" 391 F.Supp. at 1315. The class was certified, and final judgment reached, in 1974. Besinga asserts that because he did not emigrate to the United States until 1980, he was not a member of the class. This argument also lacks merit.

In *Bell v. Board of Education,* 683 F.2d 963 (6th Cir.1982), the Sixth Circuit considered the preclusive effect of a 1968 class action adjudication on students who entered the school system after the adjudication. It held that because the new plaintiffs sought to challenge the same school board actions (i.e. pre–1965 attempts at segregation) as the earlier class action, a new suit raising the old claims was barred. *Id.* at 966. It held that a new suit on the old claims could be brought only under two circumstances: (1) if the interests of the new plaintiffs were inadequately represented in the original suit, or (2) if there was a "significant" intervening change in the law. *Id.* at 965–66.

We agree with the standard enunciated by the Sixth Circuit, and hold that Besinga is bound by the adjudication in *Filipino American Veterans.* Besinga, as noted above, is raising the same claims to challenge the same government action (the 1946 precursor to a 1956 law) as in the *Filipino American Veterans* case. He makes no charge of inadequate representation by the original class action plaintiffs. Nor does he point to a significant intervening change in the law of due process or equal protection since 1974 that would warrant relitigation of the claims brought in

the original case. Accordingly, Besinga's suit is barred.

In this appeal Besinga also raises several procedural challenges to the dismissal of his suit, all of which are meritless.

The judgment is AFFIRMED.