**Cornelio R. BESINGA,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America; U.S.**
**Attorney General's Office,**
**Defendants–Appellees.**

No. 88–6333.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 1989.

Opinion Filed July 6, 1989.

Opinion Withdrawn Jan. 3, 1991.

Decided Jan. 3, 1991.

---

Cornelio R. Besinga, Rosemead, Cal., pro se.

Michael C. Johnson, Asst. U.S. Atty., Los Angeles, Cal., for defendants-appellees.

Before FLETCHER, NELSON and NORRIS, Circuit Judges.

## ORDER

The per curiam opinion filed July 6, 1989 is withdrawn. The attached opinion is filed in its stead authored by Judge Norris.

## OPINION

### WILLIAM A. NORRIS, Circuit Judge:

Appellant Cornelio Besinga, a World War II veteran from the Philippines who now lives in California, brought this action seeking a declaration that the Surplus Appropriation Rescission Act of 1946, Pub.L. 79–301, 60 Stat. 38, is unconstitutional. Because the Act gives veterans of the Philippine military who fought under the direction of the United States only a fraction of the benefits given veterans of the United States military, Besinga claims that it deprives him of his due process and equal

1. The purported class consisted of:

a Filipino Veterans Association and certain named plaintiffs, formerly residents of the Philippines but all of them now residents of California and three of them now citizens of the United States, claiming to be World War II Veterans or spouses of World War II veterans, and as such entitled to veterans' benefits provided under the laws of the United States. 391 F.Supp. at 1315.

protection rights under the Fifth Amendment. The district court dismissed the action on the ground that Besinga's claim was barred by the prior adjudication of a class action in which he was represented.

The district court relied upon *Filipino American Veterans and Dependents Ass'n v. United States*, 391 F.Supp. 1314 (N.D.Cal.1974) (hereinafter *"FAVDA"*), in which a purported class of World War II veterans from the Philippines [1] challenged the constitutionality of 38 U.S.C. § 107, which declared that their service was not "active military service" for purposes of benefit payments. The plaintiffs in that case claimed that the law deprived them of due process and equal protection. The *FAVDA* court rejected their claims, holding that the veterans had no due process entitlement to the benefits and that the equal protection component of the Fifth Amendment permitted Congress to differentiate between veterans so long as there was a rational basis for differential treatment. The court further held that § 107 met the rationality requirement. *Id.* at 1323.

In a per curiam opinion July 6, 1989,[2] we agreed with the district court that Besinga's claim was barred by *FAVDA*. Before the mandate issued, however, the Government informed us of the possibility that the class in *FAVDA* had never formally been certified pursuant to Federal Rule of Civil Procedure 23. Accordingly, on September 28, 1990 we ordered the mandate stayed, "to allow the parties to ascertain whether a class was properly certified in [*FAVDA*]," and ordered the parties to investigate this question and report to the court. Both Besinga and the Government have apparently concluded that the *FAVDA* court in fact never formally certified the class.[3] However, the two parties disagree sharply

2. *Besinga v. United States*, 879 F.2d 626 (9th Cir.1989).

3. The Government states that it "ha[s] not been able to determine from [its] review of the pleadings, motions, orders and other district court records concerning the *FAVDA* case that an independent order was entered by the district court specifically ordering the certification of a class." Defendants'–Appellees' report, at 1.

as to the effect of this lack of certification on Besinga's claim.

In light of the *FAVDA* trial court's lack of adherence to the procedural requirements of Rule 23, and the evident confusion which has resulted, it bears repeating that " '[c]lass actions are unique creatures with enormous potential for good and evil.' ... Fed.R.Civ.P. 23 establishes a procedural framework designed to protect against the shortcomings of the class action device." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 623 (9th Cir.1982) (citations omitted) (quoting Judge Fay's special concurrence in *Johnson v. General Motors Corp.*, 598 F.2d 432, 439 (5th Cir. 1979)). When trial courts fail to adhere clearly and explicitly to Rule 23's procedural framework, it leaves courts which must later determine the action's res judicata effect with the difficult (and sometimes impossible) task of discerning whether the case was in fact a class action, whether it was a (b)(1), (b)(2), or (b)(3) class action, the contours of the class, and whether the absent class members can properly be bound given the requirements of Rule 23 and due process. *See Lorance v. AT & T Technologies, Inc.*, 827 F.2d 163, 165 n. 1 (7th Cir. 1987).

This case illustrates the advisability of a bright line rule requiring trial courts to certify a class in a written order which clearly sets out the class's compliance with Rule 23. Such strict construction would be consistent with the Supreme Court's opinions addressing Rule 23 certification in the context of mootness. *Board of School Comm'rs of the City of Indianapolis v. Jacobs*, 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975) (per curiam); *Baxter v. Palmigiano*, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976). It would likewise be consistent with the view expressed by this circuit that "[t]here is 'a duty upon the court to consider carefully the requirement of fair and adequate protection in view of

the serious consequences of res judicata in class actions.' " *Gibson v. Local 40, Supercargoes & Checkers, etc.*, 543 F.2d 1259, 1265 n. 8 (9th Cir.1976) (quoting *EEOC v. Detroit Edison Co.*, 515 F.2d 301, 311 (6th Cir.1975), *vacated on other grounds*, 431 U.S. 951, 97 S.Ct. 2668, 53 L.Ed.2d 267 (1977)). However, we need not resolve the existence or adequacy of certification in *FAVDA*, or decide the necessity of a bright line rule in this case, because the *FAVDA* decision cannot be given res judicata effect for another reason: no notice was provided to absent class members allowing them to opt out of the *FAVDA* class action as mandated for any (b)(3) class action by Rule 23(c)(2).

It is clear from the trial court record that if *FAVDA* was a class action at all, it was a Rule 23(b)(3) class action.[4] To begin with, both the initial and the amended complaint sought individual damages for the plaintiffs. Where individual damages are sought, generally a class action must be certified under 23(b)(3). *See Officers for Justice v. Civil Service Comm'n*, 688 F.2d at 635. More importantly, the plaintiffs' motion for class certification sought certification only under (b)(3). The plaintiffs' motion and supporting memorandum, the government's opposition to the motion, and the plaintiffs' subsequent reply all make clear that the controversy was over whether to certify a (b)(3) class.

Federal Rule of Civil Procedure 23(c)(2) provides that

In any class action maintained under subdivision (b)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall advise each member that (a) the court will exclude him from the class if he so requests by a specified date; (b) the judgment, whether favorable or not, will include all members

---

**4.** Rule 23(b)(3) provides in relevant part that an action may be maintained as a class action if, in addition to finding that the prerequisites set out in 23(a) have been met,

    the court finds that the questions of law or fact common to the members of the class

predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed.R.Civ.P. 23(b).

who do not request exclusion; and (c) any member who does not request exclusion may, if he desires, enter an appearance through his counsel.

Assuming without deciding that *FAVDA* was a 23(b)(3) class action, the court would have been required to direct notice as provided in 23(c)(2). Indeed, one of the government's arguments in its opposition to the *FAVDA* plaintiffs' motion for class determination was that management of the class action would be difficult, particularly the directing of notice as required by Rule 23(c)(2).

It is clear, however, from the portions of the *FAVDA* record which are before us that no such notice was given to the absent class members in *FAVDA*. As we noted above, it does not appear that the district court ever formally certified a class in *FAVDA*. While we do not decide the case on that basis, the sequence of events surrounding the various motions is instructive on the issue of whether any notice was sent out in compliance with Rule 23(c)(2).[5] Apart from the fact that there is no reference to such notice in the docket sheet, the chronology of events makes it unlikely that the court ever directed notice to the class since the panel decided the merits of the

case before it ever determined its status as a class action. Even if we were to accept that the court implicitly certified a class in its order denying the *FAVDA* plaintiffs' motion for summary judgment, it is clear that the notice and opt-out requirements of Rules 23(b)(3) and (c)(2) could not have been met. In short, there is no indication in the record that the class members were properly notified, and we cannot assume that they were. *Jones v. Diamond*, 594 F.2d 997, 1023 (5th Cir.1979).

The Advisory Committee's Note to Rule 23 makes clear that notice pursuant to subdivision (c)(2) is "not merely discretionary." The Note further explains that this "mandatory notice ... is designed to fulfill requirements of due process to which the class action procedure is of course subject." 28 U.S.C.A. Rules 22 to 23.2, p. 57 (citing *Hansberry v. Lee*, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940)); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). In *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974), the Supreme Court, while sidestepping the question of whether notice is required to comport with due process,[6]

---

**5.** The *FAVDA* docket sheet reflects that the plaintiffs' motion for determination of class action was filed on November 2, 1972. The motion was rescheduled a number of times, and was finally heard by a three-judge panel, along with the plaintiffs' motion for partial summary judgment and the defendant's motion to dismiss, on March 13, 1974. The transcript of that hearing indicates that the panel asked to hear argument on only the plaintiffs' motion for partial summary judgment. The resulting decision, which rejected plaintiffs' constitutional claims on the merits, made reference to the fact that the suit was brought as a class action, but did not address the motion for certification or even touch on the requirements of Rule 23. *FAVDA*, 391 F.Supp. 1314. There is no record that an order was ever filed either granting or denying the motion for determination of class action. (It also appears that the panel never ruled on the government's motion to dismiss on jurisdictional grounds.) On September 19, 1975, the panel filed an order granting the government's motion for summary judgment. The panel subsequently entered a judgment dismissing the plaintiffs' complaint on July 22, 1976.

**6.** The Court, in response to the petitioner's contention that "adequate representation, rather

than notice, is the touchstone of due process in a class action and therefore satisfies Rule 23," stated that such an approach "has little to commend it. To begin with, Rule 23 speaks to notice as well as to adequacy of representation and requires that both be provided.... [Q]uite apart from what due process may require, the command of Rule 23 is clearly to the contrary." *Eisen*, 417 U.S. at 176–77, 94 S.Ct. at 2151–52. The Court's more recent opinion in *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985) (upholding the constitutionality of Kansas' state class action provisions as applied to absent class members who are citizens of other states, but holding that due process requires notice of the type specified in Rule 23(c)(2), including an opportunity for the absent class member to "opt out"), suggests that the notice requirement may indeed be grounded in the Due Process Clause. The holding in *Phillips Petroleum* may be distinguishable, however, because it involved a state class action rather than a class action in federal court pursuant to Rule 23. In any event, we need not rely on a due process argument in reaching our holding that the *FAVDA* decision does not bar Mr. Besinga's lawsuit; since the government necessarily relies on Rule 23 for its res judicata argument,

made clear that "Rule 23(c)(2) requires that individual notice be sent to all class members who can be identified with reasonable effort." The Court also observed that this notice requirement "was intended to insure that the judgment, whether favorable or not, would bind all class members who did not request exclusion from the suit." *Id.* at 176, 94 S.Ct. at 2152. In *Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859, 863 (9th Cir.1977) (holding that notice to potential class members is not required in Fair Labor Standards Act "opt in" suits), we stated that " 'notice is necessary in appropriate cases under Rule 23 so as to provide the due process without which any subsequent judgment might not be binding on all class members. Under Rule 23(c)(2), notice must be ordered so that class members have the opportunity to opt out and avoid being bound by the disposition of the case.' " *Id.* (quoting *Roshto v. Chrysler Corp.*, 67 F.R.D. 28 (E.D.La.1975)).

Where the basis for applying res judicata is *FAVDA*'s purported class action status under Rule 23, and where it is clear that the trial court and the parties in *FAVDA* failed to comply with Rule 23(c)(2)'s mandate that notice be provided to absent class members, it would defy logic and law to hold that such putative class members are bound by res judicata. Case law in other circuits supports that conclusion. *Anderson v. John Morrell & Co.*, 830 F.2d 872 (8th Cir.1987) (retirees seeking wrongfully denied benefits were not bound by a previous class 23(b)(3) class action where there was no notice to absent class members pursuant to 23(c)(2)); *Jones*, 594 F.2d at 1023 (prisoners could not be precluded from bringing their claims for damages where it was unclear whether judge certified (b)(2) or (b)(3) class and where there was no indication in record that class mem-

bers were properly notified; "[w]ithout valid notice and an opportunity to opt out of the class, there can be no *res judicata* effect given to judicial determinations of the claims of unrepresented parties")[7]; *Wright v. Collins*, 766 F.2d 841, 847–48 (4th Cir.1985) (holding that before class member may be barred from pursuing individual claim for damages, he must have been notified that he was required to adjudicate his damage claims as part of prior class action suit and finding that notice to prisoner class members was inadequate where it failed to explain that participation in class action would preclude subsequent individual damage suit); *Gert v. Elgin*, 773 F.2d 154, 159 (7th Cir.1985) ("A personal judgment entered without jurisdiction over the person violates due process and is void.... Notice to (b)(3) class members is an unambiguous requirement for jurisdiction." (Citation omitted)).

Since absent class members in *FAVDA* were not provided with the requisite notice pursuant to Rule 23(b)(3) and (c)(2), appellant Besinga is not barred by res judicata from pursuing his claim against the government. Accordingly, our prior opinion is WITHDRAWN and the district court's dismissal of Besinga's suit is REVERSED. Since the merits of Besinga's claim were not briefed before our panel, the case is REMANDED to the district court for further proceedings.

---

and since it is clear that the *FAVDA* trial court failed to comply with Rule 23's requirements, we deny the decision res judicata effect on that basis.

**7.** The Fifth Circuit has held that notice may also be required in 23(b)(2) class actions where monetary relief is sought if absent class members are to be bound. *Johnson v. General Motors*, 598 F.2d 432, 437 (5th Cir.1979).

When only equitable relief is sought in an action involving a cohesive plaintiff group

..., the due process interests of absent members will usually be safeguarded by adequate representation alone.... Before an absent class member may be forever barred from pursuing an individual damage claim, however, due process requires that he receive some form of notice that the class action is pending and that his damage claims may be adjudicated as part of it.

*Id.* at 437–38.