**Ronald D. McDOWELL, Appellant,**

**v.**

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 92–1376.

United States Court of Veterans Appeals.

Aug. 16, 1993.

402

Joseph J. Murphy, Columbus, OH, was on the pleadings, for appellant.

Robert E. Coy, Acting Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, R. Randall Campbell, Deputy Asst. Gen. Counsel, and Michael A. Leonard, Washington, DC, were on the pleadings, for appellee.

Before FARLEY, HOLDAWAY and IVERS, Judges.

FARLEY, Judge:

Appellant appeals from a November 4, 1992, decision of the Board of Veterans' Appeals (BVA) which denied entitlement to the resumption of payment of Department of Veterans Affairs (VA) disability compensation which had been discontinued pursuant to the Omnibus Budget Reconciliation Act of 1990, Pub.L. No. 101–508, § 8001(a)(1), 104 Stat. 1338 (1990) (codified at 38 U.S.C.A. § 5505 (West 1991)). *Ronald D. McDowell*, BVA 92–25962 (Nov. 4, 1992). The BVA determined that appellant had failed to submit a well grounded claim under 38 U.S.C.A. § 5107(a) (West 1991) because he met all of the requirements for discontinuance of VA benefits under section 5505: he had been adjudicated incompetent; the value of his estate exceeded $25,000; and he had no spouse, children, or dependent parents. *Id.* at 4.

Before both the BVA and this Court, appellant has not disputed the applicability of section 5505 to the facts of his case; instead, he has contested the constitutionality of the statute itself. The Secretary of Veterans Affairs (Secretary), in turn, has filed a motion to dismiss this appeal on the grounds that appellant is barred, under the doctrine of res judicata, from pursuing his claim before this Court. The Secretary notes that appellant was a member of the plaintiff class in a class action suit in which the constitutionality of 38 U.S.C.A. § 5505 was adjudicated, *see Disabled American Veterans v. United States Department of Veterans Affairs*, 783 F.Supp. 187 (S.D.N.Y.1992), *vacated and remanded*, 962 F.2d 136 (2d Cir.1992), and that he was a party to a settlement agreement recently approved by the United States District Court for the Southern District of New York which dismissed with prejudice appellant's challenges to the constitutionality of the statute. In his reply to the Secretary's motion, appellant contends that the class representatives failed to provide fair and adequate representation to the members of the class and, therefore, he is not bound by the prior class settlement. In his brief, appellant also requests oral argument. Because the Court finds that appellant is barred under the doctrine of res judicata from challenging the constitutionality of section 5505 before this Court, it will deny appellant's motion for oral argument, grant the Secretary's motion, and dismiss the instant appeal.

## I. Background

Appellant served on active duty with the United States Navy from August 1963 to September 1966. The Veterans' Administration (now Department of Veterans Affairs) has evaluated him as totally disabled due to a service-connected nervous disability since November 1967. In August 1973, appellant was adjudicated incompetent and the Probate Court of Franklin County, Columbus, Ohio, appointed Joseph J. Murphy, Esq., his representative before this Court, as guardian of his estate.

On November 5, 1990, Congress enacted the Omnibus Budget Reconciliation Act of 1990 which provides in relevant part:

> In any case in which a veteran having neither spouse, child, nor dependent parent is rated by the Secretary in accordance with regulations as being incompetent and the value of the veteran's estate (excluding the value of the veteran's home) exceeds $25,000, further payment of compensation to which the veteran would otherwise be entitled may not be made until the value of such estate is reduced to less than $10,000.

Pub.L. 101–508, Title VIII, § 8001(a)(1), 104 Stat. 1338 (1990) (Nov. 5, 1991) (subsequently renumbered Pub.L. 102–40, Title IV, § 402(b)(1), 105 Stat. 238 (May 7, 1991) currently codified at 38 U.S.C.A. § 5505(a)). (The provisions of section 5505 expired on September 30, 1992, and have not been reenacted. *See* 38 U.S.C.A. § 5505(c) (West 1991).) In January 1991, the VA notified appellant's guardian that because appellant's estate was valued as of June 1990 at an amount considerably in excess of $25,000, his compensation benefits had been proposed for termination under section 5505, effective April 1, 1991. Appellant challenged the constitutionality of the

new law at a personal hearing before the VA Regional Office (RO) in June 1991, contending that section 5505 was an *ex post facto* law in violation of Article I, Section IX of the United States Constitution and also was violative of the due process and equal protection guarantees contained in or embodied by the Fifth Amendment. On June 19, 1991, an RO hearing officer affirmed the propriety of the termination of appellant's benefits under section 5505, while noting that he had no jurisdiction over the constitutional challenges raised during the personal hearing. Appellant perfected an appeal to the BVA, reiterating his constitutional challenges to section 5505. In its November 1992 decision, the BVA, citing *Johnson v. Robison,* 415 U.S. 361, 368, 94 S.Ct. 1160, 1166, 39 L.Ed.2d 389 (1974), noted that it was bound by section 5505, that appellant met all of the requirements for discontinuance of benefits under that statute, and that it had no authority to adjudicate the constitutional issues raised by appellant. *McDowell,* BVA 92–25962, at 4.

Appellant also was a plaintiff in a class action suit, brought under Rule 23(a) and (b)(1) of the Federal Rules of Civil Procedure, where the constitutionality of section 5505 was at issue. *See McDowell,* BVA 92–25962, at 2; Appellee's Mot. at 4–6. In *Disabled American Veterans, supra,* the certified plaintiff class consisted of all veterans with service-connected disabilities who had been or would be denied disability compensation by the VA because of the application of section 8001 of the Omnibus Budget Reconciliation Act of 1990. *See* July 1991 Order of United States District Judge Shirley Wohl Kram, approving Stipulation and Order Certifying Action as Class Action (Order Certifying Class) (attached as Exhibit 5 to Appellee's Mot.); Declaration of Kerwin E. Miller with accompanying list of Veterans Affected by 38 U.S.C.A. § 5505 (Miller Declaration) (attached as Exhibit 6 to Appellee's Mot.). The suit challenged the constitutionality of the new law on the grounds that it denied the class due process and equal protection of the laws and effected an improper taking of private property without just compensation, in violation of the principles contained in or embodied by the Fifth Amendment. On January 31, 1992, the United States District Court for the Southern District of New York denied the defendant VA's motion to dismiss and granted the plaintiffs' motion for a preliminary injunction which precluded the VA from applying or enforcing the provisions contained in section 5505. *Disabled American Veterans,* 783 F.Supp. 187. On March 19, 1992, the Court of Appeals for the Second Circuit held that the legislation was constitutional and that, as a result, the appellant class was not likely to prevail on the merits; accordingly, the Court of Appeals vacated the District Court's order and remanded the matter back to the District Court for a final ruling on the VA's motion for dismissal. *Disabled American Veterans,* 962 F.2d 136. Pursuant to a subsequent agreement between the parties, the District Court, by Order dated March 10, 1993, approved a settlement agreement and dismissed the suit with prejudice. *See* Order Approving Settlement and Dismissing Class Action (Order Approving Settlement) (attached as Exhibit 1 to Appellee's Mot.). In doing so, the District Court considered each of the objections lodged against the settlement, including that of appellant, but determined that there was no need to hold a hearing on the settlement in view of the small number of objections submitted and their lack of merit. *Id.*

The settlement provided that members of the plaintiff class would be allowed to retain compensation payments, or receive a refund of any repayments, made between January 31 and July 1, 1992, the period in which the District Court's injunction was in force. *See* Proposed Stipulation and Order of Settlement and Dismissal (attached as Exhibit 4 to Appellee's Mot). In return, the stipulation provided that "all claims raised by plaintiffs" and "all claims that could have been raised in [the] action" would be dismissed with prejudice. *Id.* The only exception was that settling class members would not be precluded from claiming in a separate proceeding that their entitlement to disability compensation did

not meet the factual prerequisites of section 5505, i.e., that their estate was below $25,000 or that they had dependents, or from requesting that the Secretary waive recoupment of an overpayment of disability compensation made after June 1992. *Id.* Thus, the net effect of the BVA's decision on appeal is that appellant would not be entitled to the resumption of payment of VA disability compensation, previously discontinued under section 5505, for the period of April 1, 1991, the effective date of the VA's termination of benefits based on section 5505, through January 30, 1992, and from July 2, 1992, until September 30, 1992, the expiration date of the new law.

On November 12, 1992, prior to the approval of the settlement agreement but subsequent to the Second Circuit decision, appellant filed with this Court a Notice of Appeal of the BVA's November 1992 decision. In his brief, appellant reiterates his constitutional arguments previously raised before the BVA as well as the Second Circuit in *Disabled American Veterans,* i.e., that section 5505 denies due process and equal protection and effects an unjust taking of private property, in violation of the principles set forth in or embodied by the Fifth Amendment. Additionally, appellant reasserts his argument previously raised only before the BVA that section 5505 is an *ex post facto law* in violation of Article I, Section IX of the Constitution. Finally, in his reply to the Secretary's motion to dismiss, he asserts that by settling the action, rather than seeking review of the Second Circuit's decision by filing with the United States Supreme Court a petition for a writ of certiorari, the class representatives failed to provide the members of the class with fair and adequate representation.

## II. Analysis

 While this Court generally would not be bound by the Second Circuit's determinations on the constitutionality of section 5505, *see Dela Pena v. Derwinski,* 2 Vet. App. 80, 81–82 (1992), it need not address the issue because appellant is barred, as a matter of law, from rechallenging the constitutionality of the statute in this Court.

*See Jean v. Nelson,* 472 U.S. 846, 854, 105 S.Ct. 2992, 2997, 86 L.Ed.2d 664 (1985) (quoting *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 99, 101 S.Ct. 2193, 2199, 68 L.Ed.2d 693 (1981)) ("Prior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for decision."); *Felton v. Brown,* 4 Vet.App. 363, 368 (1993) (where matter was decided on nonconstitutional grounds, Court did not need to address constitutional issues). Under the doctrine of res judicata, a judgment entered on the merits by a court of competent jurisdiction in a prior suit involving the same parties or their privies settles that cause of action and precludes further claims by the parties or their privies based on the same cause of action, including the issues actually litigated and determined in that suit, as well as those which might have been litigated or adjudicated therein. *Lawlor v. National Screen Service Corp.,* 349 U.S. 322, 325–26, 75 S.Ct. 865, 867, 99 L.Ed. 1122 (1955); *Commissioner v. Sunnen,* 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948). *See also Montana v. United States,* 440 U.S. 147, 152–53, 99 S.Ct. 970, 972–73, 59 L.Ed.2d 210 (1979). In discussing the res judicata doctrine, the United States Supreme Court has stated:

> To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.

*Montana,* 440 U.S. at 153, 99 S.Ct. at 973 (footnote omitted).

 In class actions brought under Rule 23 of the Federal Rules of Civil Procedure, the res judicata effect of a final judgment generally extends to the entire certified class. *See generally* 3B MOORE'S FEDERAL PRACTICE (MOORE'S) para. 23.01[11.–3] (2d ed. 1993); *see also Kinney Shoe Corp. v. Vorhes,* 564 F.2d 859, 862 (9th Cir.1977); *Gonzales v. Cassidy,* 474 F.2d 67, 74 (5th Cir.1973); *Grigsby v. North Mississippi Medical Center, Inc.,* 586 F.2d 457, 461 (5th Cir.1978). There are two exceptions to

this rule which are both grounded in due process requirements. The first exception applies where the court and/or the parties in the class action failed to provide absent class members with requisite notice including, if warranted, an opportunity to opt out of the class prior to certification. *See* MOORE'S at para. 23.07; *see also Hansberry v. Lee,* 311 U.S. 32, 39–42, 61 S.Ct. 115, 117–18, 85 L.Ed. 22 (1940), *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Kinney,* 564 F.2d at 863; *Besinga v. U.S.,* 923 F.2d 133, 135–37 (9th Cir.1991). The second applies where the class representatives failed to provide fair and adequate representation in the original suit. *Hansberry,* 311 U.S. at 42–43, 61 S.Ct. at 118; *see also Croyden Associates v. Alleco, Inc.,* 969 F.2d 675, 678 (8th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1251, 122 L.Ed.2d 650 (1993); *Walker v. City of Mesquite,* 858 F.2d 1071, 1074–75 (5th Cir. 1988); *Guthrie v. Evans,* 815 F.2d 626, 628–29 (11th Cir.1987); *Parker v. Anderson,* 667 F.2d 1204, 1210 (5th Cir.), *cert. denied,* 459 U.S. 828, 103 S.Ct. 63, 74 L.Ed.2d 65 (1982); *Bowen v. General Motors Corp.,* 685 F.2d 160, 162 (6th Cir.1982) (per curiam); *Bell v. Board of Education,* 683 F.2d 963, 965–66 (6th Cir.1982); *Nathan v. Rowan,* 651 F.2d 1223, 1227 (6th Cir.1981); *EEOC v. General Tel. Co. of Northwest,* 599 F.2d 322, 333–34 (9th Cir. 1979), *aff'd,* 446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980); *Nat'l Ass'n of Regional Medical Programs v. Matthews,* 551 F.2d 340, 345 (D.C.Cir.1976), *cert. denied,* 431 U.S. 954, 97 S.Ct. 2674, 53 L.Ed.2d 270 (1977); *Wetzel v. Liberty Mutual Ins. Co.,* 508 F.2d 239, 256–57 (3d Cir.), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975); *In re Four Seasons Securities Laws Litigation,* 502 F.2d 834, 842–44 (10th Cir.), *cert. denied,* 419 U.S. 1034, 95 S.Ct. 516, 42 L.Ed.2d 309 (1974); *Gonzales,* 474 F.2d 67.

Here, appellant does not dispute that his entitlement to disability compensation meets the factual prerequisites for disallowance under section 5505. As the sole basis of his appeal before this Court, appellant reiterates his constitutional challenges previously raised and adjudicated by the Second Circuit in *Disabled American Veterans,* 962 F.2d 136, and raises one additional argument that the statute is an *ex post facto* law under Article I, Section IX of the Constitution. Upon review of the record and the filings of the parties, the Court finds that each of appellant's constitutional claims either was raised by the plaintiff class in *Disabled American Veterans* or could have been raised in that action and, therefore, those claims are encompassed by the March 1993 order of the United States District Court of the Southern District of New York approving the proposed stipulation of settlement and dismissing the class action with prejudice. *See Kinney Shoe Corp., supra; see also Lawlor, supra; Sunnen, supra; Montana, supra.* Accordingly, under the doctrine of res judicata, the settlement in *Disabled American Veterans* is binding upon appellant, and this Court is precluded from adjudicating the constitutionality of section 5505 unless appellant establishes either that he was not provided with adequate notice in the prior class action or that the class representatives failed to provide the members of the class with fair and adequate representation. *See Besinga, supra; Kinney Shoe Corp., supra; Bowen, supra.*

### A. Notice

■ The method of notice required to be afforded to absent class members depends on the type of class action at issue. Rule 23 of the Federal Rules of Civil Procedure sets forth the prerequisites for and types of federal class actions. In order to maintain any class action under Rule 23, the representative parties must first establish the following:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). Once the representative parties establish these four preliminary requirements, there are three types of class actions which are maintainable. For a Rule 23(b)(1) class action, the class representatives also must establish that the prosecution of separate actions by or against individual members of the class would create a risk of either "inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class" or "adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests." Fed.R.Civ.P. 23(b)(1)(A)-(B). For a Rule 23(b)(2) class action, the class representatives must establish that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2). Finally, a class action may be certified under Rule 23(b)(3) when "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3).

The three types of class actions differ in terms of the type of notice which must be afforded to potential class members and the ability of class members to elect not to become members of the class. In a class action maintained under Rule 23(b)(3), the court is required to ensure that potential members of the class receive the best notice practicable under the circumstances, including individual notice to those potential class members who can be identified through reasonable efforts. Fed.R.Civ.P. 23(c)(2). The notice must advise each po-

tential class member that the court will exclude him from the class if he opts out of the class by a specified date; that the judgment, whether favorable or not, will include all members who do not opt out of the class; and that any member who does not elect to opt out may enter an appearance through counsel. Fed.R.Civ.P. 23(c)(2)(A)-(C). The judgment, whether or not it is favorable to the class, must set forth those who have been afforded notice but have not opted out of the class. Fed.R.Civ.P. 23(c)(3). *See also Kinney Shoe Corp.*, 564 F.2d at 863 (court holds that although notice to potential class members was not required in Fair Labor Standards Act "opt in" suits brought under 28 U.S.C.A. § 216(b), "notice is necessary in appropriate cases under Rule 23 so as to provide the due process without which any subsequent judgment might not be binding on all class members."); *Besinga*, 923 F.2d at 135–137 (decision in prior class action brought under Federal Rules of Civil Procedure Rule 23(b)(3), that Surplus Appropriation Rescission Act of 1946 did not violate equal protection or due process guarantees, could not be given res judicata effect to a member of the purported class where no notice was provided to the absent class members allowing them to opt out of the class action).

In a class action maintained under subsections (b)(1) or (b)(2) of Rule 23, however, the representatives are not required to afford potential members with notice of the class action and an opportunity to request exclusion from the class prior to judgment. Instead, the judgment, whether or not it is favorable to the class, must include a designation of those whom the court finds to be members of the class. Fed.R.Civ.P. 23(c)(3). *See also* Fed. R.Civ.P. 23(d) (court has discretion to require notice). Despite the provisions of Rule 23, a small minority of courts have held that individual notice is required, as a matter of due process, in all class actions. *See, e.g., Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 564 (2d Cir.1968); *Schrader v. Selective System Local Board No. 76 of Wisconsin*, 470 F.2d 73, 75 (7th Cir.1972),

*cert. denied,* 409 U.S. 1085, 93 S.Ct. 689, 34 L.Ed.2d 672 (1972); *Rota v. Brotherhood of Railway, Airline & Steamship Clerks,* 64 F.R.D. 699, 707 (N.D.Ill.1974). Generally, however, the majority of courts have held that Rule 23 does not require prejudgment notice in class actions maintained under subsections (b)(1) or (b)(2). *See, e.g., Payne v. Travenol Laboratories, Inc.,* 673 F.2d 798 (5th Cir.1982); *Kincade v. General Tire and Rubber Co.,* 635 F.2d 501 (5th Cir.1981); *Penson v. Terminal Transport Co.,* 634 F.2d 989, 993–94 (5th Cir.1981); *Gurule v. Wilson,* 635 F.2d 782, 790 (10th Cir.1980); *Johnson v. General Motors Corp.,* 598 F.2d 432, 436–38 (5th Cir.1979); *Grigsby,* 586 F.2d at 457; *Alexander v. Aero Lodge No. 735, Int'l Ass'n, Etc.,* 565 F.2d 1364, 1373–74 (6th Cir.1977), *cert. denied,* 436 U.S. 946, 98 S.Ct. 2849, 56 L.Ed.2d 787 (1978); *Elliot v. Weinberger,* 564 F.2d 1219, 1228 (9th Cir.1977); *Wetzel,* 508 F.2d at 254; *Ives v. W.T. Grant Co.,* 522 F.2d 749 (2d Cir.1975); *Hammond v. Powell,* 462 F.2d 1053, 1055 (4th Cir.1972); *Yaffe v. Powers,* 454 F.2d 1362, 1365–66 (1st Cir.1972). Rather, due process is gauged by the adequacy of the representation of absent class members' interests by the class representatives. *See Ives, supra; Kincade, supra.* Because absent members of class actions certified under subsections (b)(1) and (b)(2) of Rule 23 are not afforded the notice and opt-out protections granted to Rule 23(b)(3) class members, courts will more carefully scrutinize the adequacy of representation afforded to absent members of such class actions before determining that they are bound, by res judicata, by the final judgment or settlement in the prior class action. *See Grigsby,* 586 F.2d at 461.

▮ Further, irrespective of the type of class action at issue, a class action may be dismissed or settled only with the approval of the court, and notice of the proposed dismissal or settlement must be provided to all members of the class in the manner directed by the court. Fed.R.Civ.P. 23(e). Accordingly, a subsequent suit by an absent class member will not be barred by res judicata if the notice of the prior judgment in the class action was inadequate. *See Penson,* 634 F.2d at 995.

Here, appellant was an absent member of a class of plaintiffs certified under Rule 23(b)(1) in *Disabled American Veterans.* As noted above, because the class was certified under Rule 23(b)(1), the class representatives were not required to provide him with prejudgment notice and an opportunity to opt out of the class; rather, the District Court was required to include a designation of the class in the final judgment and to ensure that the class members received notice of the proposed settlement and dismissal. Fed.R.Civ.P. 23(c)(3) and (e). Appellant has not contended that the District Court failed to provide him with this requisite notice. Upon reviewing the District Court's orders certifying the plaintiff class under Rules 23(a) and (b)(1) and approving the settlement and dismissing the class action under Rule 23(e), the Court concludes that due process notice requirements were adequately fulfilled. *See* Order Certifying Class; Miller Declaration; Order Approving Settlement, *supra.*

### B. Adequacy of Representation

However, in his reply to the Secretary's motion to dismiss, appellant asserts that he should not be bound by the prior judgment in *Disabled American Veterans* because the class representatives failed to provide fair and adequate representation. As the basis for this contention, appellant notes that the class representatives settled the litigation rather than petitioning the Supreme Court for a writ of certiorari to review the Second Circuit's decision upholding the constitutionality of section 5505. *See* Appellant's Memorandum Contra Appellee's Motion and to Stay Further Proceedings (Appellant's Mem.). He notes that by settling the litigation, rather than petitioning for Supreme Court review, the class representatives left the judgment binding on the class in the future. *Id.* Since appellant was an absent member of the class certified under Rule 23(b)(1) in *Disabled American Veterans,* the Court must carefully scrutinize the fairness and adequacy of the representation provided to him by the named class representatives before determining that his right to rechal-

lenge the constitutionality of section 5505 before this Court was foreclosed, under the doctrine of res judicata, by the settlement and final judgment in that action. *See Grigsby,* 586 F.2d at 461.

■■■ In determining whether class representatives have fairly and adequately represented the entire class so that a final judgment in the class action will bind absent members of the class, reviewing courts must evaluate the prior class action *as a whole.* In *Gonzales,* the Court of Appeals for the Fifth Circuit set forth a two-part inquiry. First, the reviewing court must look at whether the trial court, in its original determination, was correct in concluding that the named class representatives would adequately represent the class. Second, the reviewing court must focus on whether it appears, after the termination of the class action, that the class representatives fairly and adequately protected the interests of the absent class members. *Gonzales,* 474 F.2d at 67; *see also Kemp v. Birmingham News Co.,* 608 F.2d 1049, 1054 (1979); *Grigsby,* 586 F.2d at 462.

■■■ In determining whether the trial court correctly determined that the class representatives would protect the interests of the class, the reviewing court must evaluate whether the class representatives had common rather than conflicting interests with the absent class members and whether it appeared that the class representatives would vigorously prosecute the interests of the class through qualified counsel. *Gonzales,* 474 F.2d at 72. In *Disabled American Veterans,* Judge Kram entered an order certifying the class after determining that both elements were satisfied; she concluded that the class representatives and absent class members were all veterans with service-connected disabilities who met the prerequisites for discontinuance of their benefits under section 5505 and that the class representatives and their attorneys were adequate representatives of the class who were able to, and would fairly and adequately represent the interests of the class. *See* Order Certifying Class. The Court finds no evidence in the

record on appeal or the filings of the parties to suggest that Judge Kram erred in her initial certification of the plaintiff class in *Disabled American Veterans.*

■■■ In terms of the second part of the inquiry, i.e., whether, in hindsight, the class representatives failed to represent the class fairly and adequately, courts have focused on whether the class representatives, through qualified counsel, vigorously and tenaciously protected the interests of the class. *See Gonzales,* 474 F.2d at 75; *see also Kemp,* 608 F.2d at 1054. In making this assessment, courts have considered such factors as whether the representatives had coextensive rather than conflicting interests with absent members of the class and whether the representatives pursued the interests of the class through the use of competent and qualified counsel. *See* MOORE'S, para. 23.07[1–3]; *see also Bowen,* 685 F.2d at 162; *Senter v. General Motors Corp.,* 532 F.2d 511, 524–25 (6th Cir.), *cert. denied,* 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976); *Nat'l Ass'n of Regional Medical Programs,* 551 F.2d at 345.

■■■ In his pleadings, appellant has not contended that the class representatives had conflicting interests. Rather, he challenges the fairness and adequacy of the class representation based on his bald assertion that class counsel should have sought Supreme Court review of the Second Circuit's decision by filing a petition for a writ of certiorari, rather than agreeing to a settlement of the litigation. *See* Appellant's Mem., *supra.* He opines that " 'FAIR AND ADEQUATE REPRESENTATION' means exhausting every appeal, however arduous and time consuming that may be," noting that "[t]hat is the nature of professional advocacy." *Id.* The Court finds no authority to support appellant's definition of "fair and adequate representation." While class counsel's failure to appeal an adverse decision *may,* under certain circumstances, constitute inadequate representation so that a final judgment will not be binding on an absent class member, *see Gonzales,* 474 F.2d at 71 (court finds

inadequate representation where representative failed to appeal court's denial of retroactive relief to other members of class where he himself was granted such relief), this is certainly not an unqualified or steadfast rule; rather, the determination of whether a particular litigation strategy, including the decision not to appeal an adverse decision, constitutes inadequate representation is fact-specific and must be evaluated on a case-by-case basis. *See* MOORE'S, para. 23.07[1]; *see also Nathan,* 651 F.2d at 1228 (class representatives' failure to appeal dismissal was not indicative of inadequate representation); *Pettway v. American Cast Iron Pipe Co.,* 576 F.2d 1157 (5th Cir.1978) (class representatives should have been allowed to appeal on behalf of the class where substantial portion of the class supported such an appeal and an appeal was obviously in the best interests of 1,400 back class members who were excluded from the backpay subclass). The fairness and adequacy of class counsel must be measured in terms of the best interests of the class as a whole and not simply in terms of the interests of any individual member of that class. *See Parker,* 667 F.2d at 1211; *Pettway,* 576 F.2d at 1177 (the decision to appeal cannot rest exclusively with either class representatives or class counsel, although the named plaintiffs will have a major role in the prosecution of a class action and in the decision to appeal an adverse judgment). As long as the district court ensures that the interests of all members of the class are properly considered, the class counsel has broad authority in negotiating and proposing a class settlement. *See In re Ivan R. Boesky Securities Litigation,* 948 F.2d 1358, 1364–66 (2d Cir.1991) (noting that in multidistrict litigation, authority of lead/liaison counsel to negotiate and propose a settlement is largely what the district court says it is).

■ Here, appellant has not established that the failure of the class representatives to seek Supreme Court review of the Second Circuit's decision in *Disabled American Veterans* is indicative of inadequate representation. He has not shown that Supreme Court review was in the best interest of the class as a whole or even, for that matter, that the decision to file a petition for a writ of certiorari was supported by a substantial number of the other members of the plaintiff class. On the contrary, in Judge Kram's order approving the settlement and dismissing the class action, she specifically referenced the small number of objections lodged with respect to the proposed settlement and the lack of merit to those objections. *See* Order Approving Settlement, *supra.* Further, the approved settlement treated all class members equally and provided for payment of disability benefits for the five-month period in which the District Court's preliminary injunction was in force. Appellant has not set forth any evidence to establish that the class representatives in *Disabled American Veterans* had conflicting interests with members of the class, failed to pursue the interests of the class through the use of qualified and competent counsel, or otherwise failed to provide fair and adequate representation. *See Bowen,* 685 F.2d at 162. Appellant's mere disagreement with class counsel's litigation strategy does not establish inadequate representation on the part of the class representatives so as to preclude the res judicata effect of the final judgment in the prior class action.

### III. Conclusion

Upon review of the record and the filings of the parties, the Court holds that, under the doctrine of res judicata, appellant is precluded from challenging the constitutionality of section 5505 before this Court. Accordingly, appellant's motion for oral argument is **DENIED** and the Secretary's motion to dismiss the appeal is **GRANTED.**