# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-0578

GERALD S. CORWIN, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before IVERS, STEINBERG, and KASOLD, *Judges.*

## O R D E R

On May 7, 2004, the appellant, through counsel, filed a motion for a panel decision regarding an April 16, 2004, single-judge order (*Corwin v. Principi*, No. 02-578, 2004 WL 1302369 (Vet. App. Apr. 16, 2004)), which affirmed a February 13, 2002, decision of the Board of Veterans' Appeals (BVA or Board). The Court will grant that motion, withdraw the Court's April 16, 2004, order, and issue this order in its stead.

The February 2002 Board decision denied entitlement to an effective date prior to February 27, 1995, for a grant of service connection for post-traumatic stress disorder (PTSD). As a preliminary matter, the Court notes that the appellant has not challenged the Board's decision that his claim for an earlier effective date for the grant of service connection for heart disease was legally insufficient. Therefore, that issue is not before the Court and is deemed abandoned. *See Burton v. Principi*, 15 Vet.App. 276, 277 (2001) (per curiam order). The Court has jurisdiction pursuant to 38 U.S.C. § 7252(a). For the reasons set forth below, the Court will affirm the Board decision.

The appellant had active duty service in the U.S. Army (Air Corps) from April 1944 to November 1945. Record (R.) at 19. In December 1984, the appellant filed a claim for service connection for "combat fatigue." R. at 41-44. A VA regional office (RO) denied the claim in a September 1985 decision after finding no record of in-service incurrence or manifestation of symptoms within the one-year-statutory-presumption-of-service-connection period. R. at 62. A January 1986 letter from the appellant's representative requested that the RO conduct a search of its records for an order from a U.S. Army medical officer that had reassigned the appellant and other members of his unit back to the United States because of combat fatigue. R. at 66. An RO decision dated March 1986 noted that no additional medical records were found and again denied the claim for service connection. R. at 71. The appellant did not pursue an appeal of that decision.

In February 1995, the appellant filed a claim for service connection for "'battle fatigue' and/or PTSD." R. at 75-76. An April 1995 VA psychiatric examination diagnosed the appellant as having PTSD. R. at 91. The RO granted service connection for PTSD with a 10% disability rating and

assigned an effective date of February 1995 in a May 1995 decision. R. at 121-24. The appellant filed a timely Notice of Disagreement (NOD) with respect to the effective date assigned. R. at 128. In a June 1998 decision, the Board denied an effective date earlier than February 1995 and found no clear and unmistakable error (CUE) in the September 1985 RO decision. R. at 475-82. This Court, in a July 1999 decision, affirmed the Board decision. R. at 487.

In his appeal of the February 2002 BVA decision to the Court, the appellant contends that the BVA erred in not finding that the appellant's January 1986 letter was a valid NOD as to the September 1985 RO decision and that the RO had failed to issue a Statement of the Case. Appellant's Brief (Br.) at 9. Consequently, the appellant contends, his December 1984 claim for service connection remains unadjudicated and he is entitled to an effective date back to that date. Appellant's Reply Br. at 6-10.

However, the appellant's claim that he is entitled to an earlier effective date for his service-connected PTSD was previously raised to and rejected by the Board in a June 30, 1998, decision. R. at 475-82. In that decision, the Board determined that "the [appellant] did not timely appeal the RO's September 1985 decision that denied service connection for a nervous condition" and that the September 1985 RO decision was "final and binding." R. at 479-80. The Board then analyzed the case for CUE, as the only remaining basis for potentially finding an earlier effective date, and determined that the 1985 decision did not contain CUE. R. at 480-81. Thereafter, this Court, in a July 28, 1999, single-judge order, after specifically noting that the appellant had argued to the Court that the 1985 decision "remains open and pending," found that that argument "[wa]s not supported by the record" and affirmed the 1998 Board decision. R. at 486-87. Hence, the appellant's claim for an earlier effective date has already been decided by this Court, and his attempts to re-raise it here are barred under the doctrine of res judicata. *See McDowell v. Brown*, 5 Vet.App. 401, 405 (1993).

This Court has recently addressed a nearly identical attempt to re-raise an earlier-effective-date claim. *Bissonnette v. Principi*, 18 Vet.App. 105 (2004). There, as here, the appellant was attempting to raise a new argument on the previously-addressed claim. 18 Vet.App. at 111. The Court's conclusion in *Bissonnette* applies with equal force to the appellant's argument in this case that the 1985 RO decision remains open because he had filed an NOD: "The latter argument should have been raised in the prior litigation, and the Court, having heard and decided the claim, cannot reopen its doors to hear an argument that could have been raised the first time." 18 Vet.App. at 112. The appellant had an opportunity to raise the NOD issue in his previous appeal as part of his effort to secure an earlier effective date and, having failed to do so, is precluded from arguing it now.

2

Upon consideration of the foregoing, it is

ORDERED that the May 7, 2004, motion for a panel decision is granted. It is further

ORDERED that the April 16, 2004, order is withdrawn. It is further

ORDERED that the February 13, 2002, BVA decision is AFFIRMED.

DATED:        August 25, 2004                                        PER CURIAM.