KASOLD, Judge,
concurring in result:
Although I concur fully in affirming the Board decision in this case, I write separately (1) because I see no basis for modifying the Board decision, and (2) to note that our decision today precludes the assignment of an earlier effective date by attacking any decisions below based on clear and unmistakable evidence (CUE).
The 1996 RO decision noted that the 1955 RO decision had denied Mr. Juarez’s initial claim, and that the 1996 RO decision denied Mr. Juarez’s claim to reopen because he had not submitted new and material evidence. Although denying a claim to reopen because there is no new and material evidence necessarily implies that a previous claim has become final, the issue of finality of the 1955 RO decision was neither litigated in the 1996 RO proceedings nor explicitly decided by the 1996 RO decision. Accordingly, collateral estoppel (issue preclusion) did not attach, and therefore did not preclude the issue of the finality of the 1955 RO decision from being raised in another setting. See Lawlor v. Nat’l Screen Serv. Corp., 349 U.S. 322, 326, 75 S.Ct. 865, 99 L.Ed. 1122 (1955) (noting that collateral estoppel applies to “issues actually litigated and determined in the prior suit”). See generally, 47 AmJur. 2d Judgments § 493 (2006) (discussing the doctrine of collateral estoppel). Thus, this case differs markedly from our decision in DiCarlo v. Nicholson, 20 Vet.App. 52, 57 (2006), holding that an issue explicitly addressed and decided by a Board decision, generally, may not be re-addressed in a subsequent Board decision except on the basis of CUE in the earlier Board decision.
On the other hand, a claim to reopen, although it has its own distinct elements, i.e., the requirement for new and material evidence, is nevertheless part of the original claim stream. Thus, when the 1996 RO denied the claim to reopen because new and material evidence had not been submitted, this decision could have been appealed on any number of issues, one of which was the issue of whether new and *545 material information was required in the first instance. Otherwise stated, Mr. Juarez could have appealed the 1996 RO decision on the grounds that the 1955 RO decision denying him benefits had not become final and that the 1996 RO erred in denying his claim because new and material evidence had not been submitted. Mr. Juarez, however, never appealed the 1996 RO decision, and the issues that could have been raised in that appeal were foreclosed from attack by application of res judicata (claim preclusion), see McDowell v. Brown, 5 Vet.App. 401, 405 (1993) (holding that res judicata precludes “further claims by the parties or their privies based on the same cause of action, including issues actually litigated and ... those which might have been litigated or adjudicated there-m”)(emphasis added); see also Cook v. Principi 318 F.3d 1334, 1337 (Fed.Cir.2002) (en banc) (applying the principles of res judicata to agency decisions that have not been appealed and have become final), except by way of revision based on clear and unmistakable error, see 38 U.S.C. § 5109A; 38 C.F.R. § 3.105(a) (2007).
In the Board decision on appeal, I do not believe the Board improperly examined the issue of finality of the 1955 RO decision, which was raised by Mr. Juarez. Rather, the Board discussed the facts, which included recognition that (1) Mr. Juarez’s 1955 RO decision had remained in a non-final state for a time, but that the 1996 RO decision denying his claim could have been appealed and, (2) his claim for disability compensation for a back disability — the initial claim and the purported claim to reopen — became final when the 1996 RO decision was not appealed. Since the issue of finality of the 1955 RO decision had not been litigated in the 1996 RO decision, the Board was not barred from addressing both the impact of the 1996 RO decision and the failure of Mr. Juarez to appeal that decision on the status of the 1955 RO decision. Thus, there is no reason to modify the Board decision.
With regard to a possible subsequent attack on the 1996 RO decision, I note that our decision today affirms the Board’s decision that Mr. Juarez is not entitled to an effective date earlier than August 1, 1997, and our decision may only be attacked on appeal to the Federal Circuit. See Winsett v. Principi, 341 F.3d 1329, 1331 (Fed.Cir.2003) (holding that CUE may not be brought after an underlying issue has been adjudicated by a court and noting that permitting such action “would allow a lower tribunal to review the decision of a higher tribunal”).