**Robert BOWEN, Plaintiff-Appellant,**

v.

**GENERAL MOTORS CORPORATION, Defendant-Appellee.**

No. 79–3388.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 15, 1980.

Decided July 9, 1982.

Paul A. Tscholl, John Tscholl, Canton, Ohio, for plaintiff-appellant.

John D. O'Brien, Jones, Day, Reavis & Pogue, Cleveland, Ohio, for defendant-appellee.

Before MARTIN and JONES, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Plaintiff-appellant Bowen originally filed this action in 1976, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, seeking declaratory, injunctive and monetary relief allegedly due because defendant General Motors Corporation (GM) discriminated against him in respect to training, promotions and other conditions of employment which resulted in his discharge. Additionally, Bowen's complaint alleged that GM discriminated against blacks as a class in a similar manner. The district court certified a class which consisted of all "Negro persons who are now employed or were employed by [GM] as sales representatives since March 1, 1969."

After trial, the district court, 542 F.Supp. 87, granted judgment to GM both as to Bowen's individual suit and the class action. On appeal, 652 F.2d 56 (6th Cir.), we affirmed the dismissal of the plaintiff's individual suit concluding that he had failed to demonstrate that the reasons offered for his discharge were pretextual. We also noted that the statistics presented by the plaintiff on behalf of the class were inadequate since they failed to provide a basis from which the court could determine the discriminatory impact of the defendant's practices. However, before ruling on the class claims, we remanded the case to the district court for a determination of whether the plaintiff Bowen was an adequate representative for the class. We also directed the district court to conduct a hear-

ing, after providing sufficient notice to the class, and report its findings back to this Court. The unpublished order of this Court, dated July 30, 1981, is cited at 663 F.2d 1070 and appears as an appendix to this opinion. The district court has now submitted such a report for our consideration. This report is published at 542 F.Supp. 94 (N.D.Ohio 1981). For the reasons stated below, we conclude that the plaintiff was an adequate representative, and therefore our original dismissal of this action should be binding upon the absent class members as well.

Generally, the absent and unnamed members of a class are bound by a judgment rendered in a properly certified class action. *Grigsby v. North Mississippi Medical Center*, 586 F.2d 457, 461–62 (5th Cir. 1978). However, when the class representative fails to provide adequate and fair representation, due process requires that the judgment have no res judicata effect as to them. *Hansberry v. Lee*, 311 U.S. 32, 44–46, 61 S.Ct. 115, 119, 85 L.Ed. 22 (1961); *Nathan v. Rowan*, 651 F.2d 1223, 1227 (6th Cir. 1981). In making such a determination, a court must take into consideration (1) whether the named representative has a common interest with the absent members of the class, and (2) whether the class representative vigorously pursued the interests of the class through the use of competent and qualified counsel. *Senter v. General Motors Corporation*, 532 F.2d 511, 524–25 (6th Cir.), *cert. denied*, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976).

In his report, the district court judge, after reviewing the record and the testimony at the hearing, concluded that the plaintiff Bowen satisfied these criteria and thus was an adequate representative of the class. Our review indicates that this conclusion is fully supported by the record. The record clearly evidences that Bowen was a member of the class, had a similar stake in the outcome of the litigation and had a sufficient familiarity with the condi-

tions challenged on behalf of the class. *Id.* Moreover, Bowen vigorously pursued the interests of the class by undertaking, at substantial monetary expense to himself, a reasonable investigation of the class claims. Further, through his counsel, he presented the class claims at trial. Finally, we take special note of the fact that no member of the certified class raised, in oral or written fashion, any objection concerning Bowen's status as the class representative. Bowen was an adequate representative.

Therefore, after a consideration of the record, briefs, petitions for rehearing and arguments of counsel, we find that the class has failed to provide any statistics from which the Court can conclude that the defendant's practices had a discriminatory impact. Finding no other error, we affirm the dismissal of the class claims with prejudice.

Accordingly, the judgment of the district court is AFFIRMED.

## APPENDIX

NO. 79-3388

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ROBERT BOWEN,
Plaintiff-Appellant,

v.   AMENDED ORDER

GENERAL MOTORS CORPORATION,
Defendant-Appellee.

(Filed July 30, 1981)

Before MARTIN and JONES, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

Robert Bowen appeals from a judgment in favor of the defendant, General Motors Corporation.[1]

Bowen filed this action alleging that he had been discharged in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* He also alleged that General Motors discriminated against him, and blacks as a class, in training, promo-

---

1. This is an amended order issued in response to General Motors Corporation's petition for rehearing.

tions, transfers, moving, and evaluations, and that General Motors retaliated against black employees who filed charges of discrimination with state and federal agencies.

In this appeal, Bowen asserts that the district court erred: (1) in holding that Bowen failed to show his discharge for record falsification was pretextual, and (2) in rejecting his statistical evidence of racial discrimination.

In 1952, Bowen was hired as an hourly worker in General Motors' AC Sparkplug division. In 1969, he was promoted into the sales force as a sales representative. He was given two weeks of training in Flint, Michigan. Then he was assigned to Cleveland.

Bowen's job as a sales representative was to promote AC products to service stations and garage owners. If a sales representative makes a sale he takes an order and fills out an order form. He sends copies of the form to the regional office. In addition, the sales representative keeps a record of all stations he visits and at the end of the week he sends this record to the regional office.

In 1969, Bowen's evaluation ranged from average to good. In 1969 and 1970, he was sent on trips to Puerto Rico, Spain and Ireland. He testified that these were prizes for his performance in sales contests.

In September 1970, Bowen was transferred from Cleveland to Canton. His manager, Billy Howlett, gave Bowen a low performance evaluation. Bowen felt under pressure to improve. From July through September 1972, he took a medical leave of absence. When he returned, his performance failed to improve. In January 1973, Bowen was told he had to improve his ratio of sales to visits, and he was placed on probation.

The day after Bowen was placed on probation, he began to falsify his call reports (the reports on how many dealers he visited). He listed customers he had not visited and sales he had not made.

From January 13, 1973, until March 13, 1973, Bowen continued to falsify his reports. On March 13, 1973, Bowen was interviewed by Howlett and the General Manager of AC's Salaried Personnel Department. They confronted Bowen with the falsified reports. Bowen admitted he falsified the reports.

On March 14, 1973, Bowen was suspended without pay. On March 22, 1973, he was discharged.

Bowen filed charges with the EEOC and then filed this action. The district court held that Bowen failed to show that he was discriminatorily discharged and that he did not present reliable statistical evidence to show that General Motors discriminated against blacks as a class.

Bowen contends that the district court erred in holding that he failed to show that his discharge for falsifying records was pretextual. We disagree.

Bowen did introduce evidence that the falsification of reports was a widespread practice, and that it was condoned by at least some managers. But the district court concluded "AC management was, however, unaware of the practice and did not condone it." We cannot say that this finding was clearly erroneous. The district court did not err in finding that Bowen's discharge was not pretextual.

Bowen also contends that the district court erred in rejecting statistical proof that blacks were discriminated against in promotions and that blacks either quit or were discharged in disparate numbers. The district court concluded that the statistical evidence on promotions was inadequate because it did not measure the number of Blacks in the hiring pools for promotion positions. It also rejected statistical evidence on the disparate numbers of blacks who were discharged because the statistics did not distinguish between blacks who quit and those who were discharged. The district court ultimately concluded that: "No showing of disproportionate impact was made. There were no reliable statistics presented from which the Court could determine the impact of defendant's practices on blacks and whites."

The statistical proof presented failed to present an adequate picture of General Motors' practices or their effect. The court

properly concluded that they were not reliable.

From this record we are unable to determine the adequacy of class representation. Therefore, pursuant to the remand procedure employed by the Fifth Circuit in *Grigsby v. North Mississippi Medical Center*, 586 F.2d 457, 461–62 (5th Cir. 1978), the case is remanded to the district court where a hearing shall be held with full and adequate written notice, as to time, place and purpose, to each class member. The district court shall report the results of this hearing to this Court prior to January 1, 1982.

Final action on the petition for rehearing is reserved until receipt of the report of the district court. The dismissal of Bowen's individual action is affirmed.

The judgment of the district court is affirmed as modified.

ENTERED BY ORDER OF THE COURT

/s/ JOHN P. HEHMAN
Clerk