**J.A. SHULTS and Joan Shults, et al., Plaintiffs–Appellees,**

**Hugh Brown, et al., Plaintiffs–Appellants,**

v.

**CHAMPION INTERNATIONAL CORPORATION, Defendant–Appellee.**

No. 93–5771.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 5, 1994.

Decided Sept. 20, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied Nov. 7, 1994.

Thomas C. Jessee (briefed), Jessee & Jessee, Johnson City, TN, Gordon Ball, Herbert S. Moncier, Knoxville, TN, Don Barrett, Lexington, MS, Gary E. Brewer, Morristown, TN, Wade C. Hoyt, III, Rome, GA, Paul E. Merrell (argued and briefed), Ralph A. Bradley, Bradley & Merrell, Tidewater, OR, for plaintiffs-appellants.

Paul Merrell, pro se.

W. Kyle Carpenter, Louis C. Woolf (argued and briefed), Baker, Worthington, Crossley, Stansberry & Woolf, Knoxville, TN, Barbara Wrubel (briefed), Sheila L. Birnbaum, Skadden, Arps, Slate, Meagher & Flow, New York City, for defendant-appellee.

Before: GUY and BOGGS, Circuit Judges; and CLELAND, District Judge.*

BOGGS, Circuit Judge.

The appellants appeal from the district court's settlement order in this class action against Champion International Corporation. The suit alleged that Champion's North Carolina pulp and paper mill discharged effluents into eastern Tennessee waters, and sought compensatory and injunctive relief based on theories of nuisance and trespass. After a five-week jury trial ended in a mistrial due to a deadlocked jury (voting 6–2 in favor of Champion), the parties entered into settlement negotiations and eventually reached an agreement, which the district court approved over the objections of some of the class members, including, initially, the named class representatives.

The appellants here are 54 individual members of the plaintiff class (*i.e.,* not the class representatives), and their attorney, who had been a part of the counsel team for the class in the earlier stages of this litigation. The named class representatives, however, do not appeal the order. Appellants contend that the district court failed to make on-the-record findings regarding possible collusion between the defendant and class counsel and that the decree is deficient for various substantive reasons, such as inadequate compensation to class members. The appellees, including both Champion and the class representatives, have moved to dismiss the appeal on the ground that the appellants lack standing to appeal. Because we grant the motion to dismiss, we do not reach the merits of the appellants' arguments as to the validity of the settlement order.[1]

## I

Generally, only parties to an action have standing to appeal. *Marino v. Ortiz,* 484 U.S. 301, 304, 108 S.Ct. 586, 587, 98 L.Ed.2d 629 (1988) (per curiam). A nonparty may properly become a party for purposes of appealing an adverse final judgment by intervening in the action. *Id.* at 304, 108 S.Ct. at 588; *Stringfellow v. Concerned Neighbors in Action,* 480 U.S. 370, 375, 107 S.Ct. 1177, 1182, 94 L.Ed.2d 389 (1987). *See also Americans United for Separation of Church and State v. City of Grand Rapids,* 922 F.2d 303, 305–06 (6th Cir.1990) (intervention to appeal granting of injunction). In a class action, unnamed members of the class bear some resemblance to non-parties in other suits in that they do not actively prosecute the case, and indeed need not appear or even hire counsel. *See Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 810, 105 S.Ct. 2965, 2973–74, 86 L.Ed.2d 628 (1985). However, such class members are bound by the settlement decree if the named members of the class adequately represent the absent class and the prosecution of the litigation is within the common interest. *Id.* at 808, 105 S.Ct. at 2973; *Bowen v. General Motors Corp.,* 685 F.2d 160, 162 (6th Cir.1982).

Class members disgruntled by the course of the prosecution of the action may seek to intervene, and thereby become parties to the action. *Guthrie v. Evans,* 815 F.2d 626, 628 (11th Cir.1987). Further, class members may indirectly challenge the validity of a judgment in a class action by mounting a collateral attack on the adequacy of the class representation. A judgment has no res

---

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. Our granting of the motion to dismiss for lack of standing also renders moot the appellees' motion to dismiss for lack of jurisdiction, which, in any event, lacked merit. *See* Fed.R.App.P. 3(c).

judicata effect as to absent and unnamed members where the class representative fails to provide adequate and fair representation. *Bowen,* 685 F.2d at 162. The court "must take into consideration (1) whether the named representative has a common interest with the absent members of the class, and (2) whether the class representative vigorously pursued the interests of the class through the use of competent and qualified counsel." *Ibid.*

When confronted with non-named individual class members who have not intervened and yet who seek to appeal, the federal courts of appeals have taken various approaches. In *Guthrie,* for example, the case that appears to be the progenitor of the modern trend in the federal courts in this unsettled area of the law, the Eleventh Circuit held in 1987 that a non-named class member does not have standing to appeal the final judgment in a class action. That court reasoned that Fed.R.Civ.P. 23 provides the only avenue for representation of the class, and that that route ensures that the interests of the class will be fairly and adequately protected. Further, disgruntled class members have other avenues of relief; specifically, they can intervene under Fed.R.Civ.P. 24, they can pursue relief in a collateral proceeding, or, in a Rule 23(b)(3) class action, they can opt out of the class. Finally, the court in *Guthrie* noted that to allow non-named parties to appeal would defeat the purpose for permitting class actions, *i.e.,* making the litigation manageable. *Guthrie,* 815 F.2d at 628–29. Thus, absent intervention, non-named class members do not have standing to appeal. *See also Gottlieb v. Wiles,* 11 F.3d 1004, 1009 (10th Cir.1993) (absent formal intervention, no standing to appeal if class properly certified under Rule 23); *Croyden Assoc. v. Alleco, Inc.,* 969 F.2d 675, 680 (8th Cir.1992) (intervention required for non-named class member to appeal), *cert. denied,* —— U.S. ——, 113 S.Ct. 1251, 122 L.Ed.2d 650 (1993); *Walker v. City of Mesquite,* 858 F.2d 1071 (5th Cir.1988) (non-named class members lack standing to appeal final judgment in class action).

In contrast, the Third and Ninth Circuits have stated that non-named class members have standing to appeal final orders in class action suits. *Bell Atlantic Corp. v. Bolger,* 2 F.3d 1304, 1308–10 (3d Cir.1993) (given agency, collective action, and information problems inherent in settlements of derivative litigation, and the court's broad view of objector standing, plaintiff-shareholder, who had attended the settlement hearing and objected, had standing to appeal); *Marshall v. Holiday Magic, Inc.,* 550 F.2d 1173, 1176 (9th Cir.1977) (class settlement affects legal rights of unnamed parties and therefore they have standing to appeal). *See also In the Matter of VMS Ltd. Partnership Sec. Litigation,* 976 F.2d 362, 368 (7th Cir.1992) (standing to appeal from settlement approval if unnamed class member intervenes or appears in response to a Rule 23(e) notice; no standing to appeal a post-settlement order implementing the settlement agreement).

In the Sixth Circuit, we have held that, under certain circumstances, non-named class members may have a right to appeal an adverse final judgment. *Sertic v. Cuyahoga, Lake, Geauga & Ashtabula Counties Carpenters Dist. Council of the United Bhd. of Carpenters & Joiners of Am.,* 459 F.2d 579, 582 (6th Cir.1972); *Cohen v. Young,* 127 F.2d 721 (6th Cir. 1942). In *Cohen,* an unnamed stockholder, along with all other stockholders of the company, received an order in a class shareholder derivative suit to show cause why a proposed settlement should not be approved by the district court. The stockholder appeared, made his objections to the settlement, and petitioned to intervene as plaintiff, which the district court denied. The stockholder appealed from the final decree approving the settlement, but not the order denying him intervention. The appellees challenged his standing to appeal the final decree on the ground that he had not intervened as a party. We held:

> Appellant appeared in court in answer to the court's notice to show cause why the settlement should not be approved. This being the case, he was "like a defendant who is summoned by process of court and after an adverse ruling has the right to appeal." ... This ruling [that an appeal may be had after an order to appear and show cause] was specifically approved in *Johnson v. Manhattan Ry. Co.,* 289 U.S.

479, 495, 53 S.Ct. 721 [727, 77 L.Ed. 1331 (1933)]. Appellant is entitled as of right to prosecute the appeal.

127 F.2d at 724 (citations omitted). Thus, under *Cohen,* an unnamed member of a derivative suit who has not been allowed to intervene may nonetheless have standing to appeal if the district court has haled him into court.

Similarly, in *Sertic,* we concluded that the appellants, who were non-named class members whose petitions to intervene had been denied by the district court, had standing to appeal. The district court had not given notice to the class members of the proposed consent orders until after the orders had been entered. In the implementation of the orders, a union vote was taken, and appellants, who were members of the union, thereupon sought to intervene. Appellants appealed both the denial of their petitions for intervention and the consent orders. *Sertic,* 459 F.2d at 580–81.

█ In addressing the appellees' challenge in *Sertic* to the appellants' standing to appeal, we noted that the "only relevant distinction" from *Cohen* was that no notice had been given in *Sertic.* The fact that the appellant in *Cohen* had appeared and objected before the settlement was approved, but that the appellants in *Sertic* did not appear until, apparently, after they had found out about the consent orders, was irrelevant. *Sertic,* 459 F.2d at 581. However, for a non-named class member to have standing to appeal, there must be more than a mere requirement of notice, such as that in Rule 23(e). In *Sertic,* we concluded that the district court was "without discretion to refuse intervention to [the] appellants." *Id.* at 583. The fact that the appellants had not been haled into court by a notice to show cause did not prevent the appellants from having standing, because their petitions for intervention should have been granted. In *Sertic,* the appellants, who were successful in their appeal of the denial of their petitions to intervene, were essentially intervening parties and accordingly had the rights of such parties, including the right to appeal an adverse final judgment. *Cohen* and *Sertic* merely provide different routes for non-named class members to have standing to appeal final settlement orders. Thus, to have standing to appeal a final decree, the putative appellant who has not intervened must be haled into court, "like a defendant who is summoned by process of court," *Cohen,* 127 F.2d at 724, or must be appealing the denial of a motion to intervene that should have been granted, *Sertic,* 459 F.2d at 583.

█ *Marino* indicates that *Sertic* should not be interpreted to expand the circumstances under which non-named, nonintervening class members should be allowed standing to appeal. In *Marino,* the Supreme Court stated that nonparties, to have standing to appeal, must intervene; merely having an interest in the outcome of the litigation was insufficient to confer standing upon them. *Marino,* 484 U.S. at 304, 108 S.Ct. at 588. Similarly, merely the interest of unnamed, non-intervening class members in the outcome of the class litigation is insufficient to confer standing upon them, even if they voluntarily make their interests known, through objections, to the district court.

We note, too, that the *Cohen* requirement is in accord with the public policies identified in and underlying *Guthrie* and subsequent cases. Because the Rule 23 certification procedures protect unnamed class members, because other avenues of relief are available, and because the manageability of class litigation depends, at least in part, on the absence of numerous individual and divergent interests, those interests must do more than merely appear and object in order to have standing to appeal.

In several recent unpublished orders, we have affirmed the principle that unnamed class members generally lack standing to appeal class settlements. *See Bowling v. Pfizer, Inc.,* No. 92–3973, 1993 WL 533489 (6th Cir. Dec. 21, 1993) (unpublished order), *petition for cert. filed,* No. 93–1912, 62 U.S.L.W. 3827 (June 1, 1994); *Police Officers for Equal Rights v. City of Columbus, Ohio,* No. 88–3605, 1988 WL 132696 (6th Cir. Dec. 14, 1988) (unpublished order); *Thompson v. Commonwealth of Kentucky,* No. 87–5443, 1987 WL 44530 (6th Cir. Aug. 24, 1987) (unpublished order). These decisions rely pri-

marily on *Guthrie,* 815 F.2d at 628. However, inasmuch as one panel of this court may not overrule the decision of a prior panel absent an intervening Supreme Court decision that requires a change in the relevant law, *see Salmi v. Secretary of Health & Human Servs.,* 774 F.2d 685, 689 (6th Cir. 1985), these unpublished orders should not be read as restricting *Sertic* and *Cohen.*

Contrary to the appellees' suggestion, *Marino* does not tacitly overrule these two cases. But, although *Marino* addressed the standing to appeal of non-parties and not, as in *Sertic* and *Cohen,* of non-representative members of a class or derivative suit, *Marino* supports the notion that persons who are not proper parties should overcome some additional hurdle before attaining, for purposes of appeal, party status. Because *Sertic* and *Cohen* remain good law, *Gottlieb*'s apparent reading of *Guthrie,* that intervention is a necessary prerequisite (absent any violations of Rule 23 certification procedures) for an unnamed class member to have standing to appeal, *see* 11 F.3d at 1009, is thus not controlling in this circuit.

█ In brief, a non-named class member has standing to appeal a settlement order if he has formally intervened in the action (indeed, non-parties generally obtain such standing upon intervention). However, a non-named party that has not been permitted to intervene may also have standing to bring a direct appeal if a motion to intervene, which is then appealed, should have been granted. A nonnamed party may also have standing to appeal if the district court has otherwise "summoned" him into court. Of course, as the Supreme Court has indicated, "the better practice is ... to seek intervention for purposes of appeal." *Marino,* 484 U.S. at 304, 108 S.Ct. at 588. But a mere voluntary appearance to state or file objections is an insufficient basis for standing to appeal.

## II

█ In this case, the district court gave notice to the class regarding a proposed settlement order and regarding a settlement hearing. The notice described the status of the case, the terms of the proposed settle-

ment, and the procedures for making objections to the settlement. Further, the notice stated that "[a]ny member of the Class may, but need not, appear at the Hearing either on his own behalf or through counsel of his own choice. Class members who do not enter an appearance at the Hearing will be represented by Class counsel." *J.A.* at 897. After this first proposed settlement was rejected by the district court, the parties engaged in further negotiations and arrived at a second proposed settlement. The district court indicated its preliminary inclination to approve that settlement, and issued a notice of this second proposed settlement, allowing members of the class to "comment on or object to the proposed settlement." *J.A.* at 945–46, 950.

The appellants have not intervened in this action. Nor did they seek to intervene. Further, the notices in this case do not satisfy the requirement in *Cohen* that the appellants be haled into court. The district court allowed, pursuant to Rule 23(e), for their appearance to make objections. However, as explicitly stated in the first notice, their appearance was not of a mandatory nature. We are hard pressed to say that the appellants here were like defendants "summoned by process of court." *Cohen,* 127 F.2d at 724. Therefore, the appellants lack standing to bring this appeal because, by not intervening in this action below and not seeking to intervene, they have not satisfied the requirements of *Sertic,* and because the record indicates that the requirements of *Cohen* have not been satisfied.

## III

█ Appellants at times also appear to argue that they should have standing to appeal, independent of any other grounds, because the class representatives afforded them inadequate representation. Although they cite no persuasive authority for this proposition, this contention also fails for the reason that it is not factually supported. The appellants contend that the class representatives afforded them inadequate representation because (1) the class representatives failed to appeal, which shows they have

divergent, conflicting interests; and (2) class counsel was inadequate in representing the interests of the class, because of alleged collusion between counsel and Champion. As noted above, when confronted with a challenge to the adequacy of the class representation, the court must consider whether the named representatives have a common interest with the absent members, and whether the class representatives vigorously pursued the interests of the class through the use of competent and qualified counsel. *Bowen,* 685 F.2d at 162. In *Bowen,* we held that the named representative was adequate where he was a member of the class, had a similar stake in the outcome of the litigation, had a sufficient familiarity with the conditions challenged on behalf of the class, vigorously pursued the interests of the class by undertaking at a substantial monetary expense to himself a reasonable investigation of the class claims, presented through counsel the class claims at trial, and drew no objection from other class members to his status as class representative. *Ibid.*

All but one of the *Bowen* factors are present here: the class representatives are members of the class, they have a stake in the outcome similar to (if not the same as) the appellants, they are familiar with the challenged conditions, they presented the class claims at trial, and they drew no objection from other class members. However, they appear not to have advanced the costs of litigation—class counsel bore that burden. On these facts, appellants' eleventh-hour objection to the adequacy of the class representation is unpersuasive. Thus, even if the law were to be as appellants contend, they have completely failed to make a showing that there was inadequate representation before the district court.

### IV

The motion to dismiss for lack of standing is therefore **GRANTED,** and this appeal is **DISMISSED.**