104 F.3d 361
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Denial of Gordon BALL'S (Appellant's) Motion for
Attorney's Fees.
J.A. SHULTS, et al., Plaintiffs,
v.
CHAMPION INTERNATIONAL CORP., Defendant.
 No. 95-5865.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1996.
 
 Before: KEITH, BOGGS, and BATCHELDER, Circuit Judges.
 BOGGS, Circuit Judge.
 
 
 1
 Gordon Ball, attorney for the successful appellees in a previous appeal to this court reported at Shults v. Champion Int'l Corp., 35 F.3d 1056 (6th Cir.1994), appeals from the district court's denial of his motion for attorney's fees. Ball's appeal is uncontested. Though Ball's case is a sympathetic one, we find no abuse of discretion in the district court's denial of Ball's motion.
 
 
 2
 * This appeal arises out of a class action filed against Champion International Corp. ("Champion") and removed on the basis of diversity jurisdiction by Champion to federal district court. The named representatives of the plaintiff class alleged that Champion was discharging certain effluents from its plant into Tennessee waters and sought damages and an injunction based on theories of nuisance and trespass. Ball was among the attorneys who represented the named class representatives. After a five-week jury trial ended in mistrial, the parties entered into settlement negotiations and eventually reached an agreement approved by the district court, providing, inter alia, for $1.3 million to be paid in fees to the attorneys of the named class representatives. Non-named members of the plaintiff class and Paul Merrell,[1] a former attorney who once had represented the named members of the class, appealed from the district court's order. Shults, 35 F.3d at 1058. In Shults, we held that these appellants lacked standing to challenge the settlement order. Instead of filing an appeal of the settlement order, they should have first sought to intervene in the suit when it was in the district court's hands. Id. at 1058-60 (citing Guthrie v. Evans, 815 F.2d 626, 628 (11th Cir.1987)).
 
 
 3
 Ball warrants that he was the inspiration behind the Guthrie-derived argument ultimately accepted by our court. On May 2, 1995, following the dismissal of the appeal, he filed a motion for $64,675 in appellate attorney's fees and costs supported by an affidavit and an itemized list of the monies he claimed were due him. Back on March 10, 1995, but after this court decided the appeal, the district court had entered an order styled "Order Directing Distribution of Previously Approved Amounts From Settlement Fund" ("Order"), which provided as follows:
 
 
 4
 It is required[2] that plaintiffs' counsel intend to submit a claim for additional fees and expenses incurred in connection with the appeal of this matter to the Sixth Circuit Court of Appeals. It is further recognized that certain of the payees listed herein are members of the Class and will be entitled to participate in later distribution or distributions from the Settlement Fund to the Class. Acceptance of the payments to be made pursuant to this Order will be without prejudice to claims for fees and expenses for work done on the appeal or for compensation as members of the Class. Otherwise, the payments to be made in accordance with [the] Report and Recommendation [of a Magistrate Judge appointed Special Master in this case] will constitute payment in full of any and every claim by, through, or on behalf of any payee and any person or persons claiming through any payee against the Settlement Fund and acceptance of payment hereunder will be with full prejudice against any future claim by the payees against the Settlement Fund.
 
 
 5
 The Order later reiterated the condition that those accepting payments under its terms were doing so subject "only [to] any claims for further compensation for work and expenses in connection with the appeal of this matter and claims, if any, to which they may be entitled as members of the Class." Nevertheless, on May 30, 1995, the district court rejected Ball's motion for fees without holding a hearing, stating, "The Court regrets that Paul Merrill's [sic ] unsuccessful attack upon the settlement has cost [Ball] so much time and effort and recognizes that some compensation is due [him] for protecting the validity of the settlement. However, the Court is not inclined to diminish the already very modest settlement package [to the members of the class].... the Court suggests that those attorneys who did not assist with the appeal contribute to Mr. Ball's ... expenses out of their shares of the attorney fees already distributed." Apparently expecting those other attorneys to be unmoved by the district court's entreaty to hand over to him a portion of their fees solely out of the goodness of their hearts, Ball filed a timely notice of appeal on June 5, 1995.
 
 II
 
 6
 An award of attorney's fees and costs rests in the sound discretion of the trial court. Central Benefits Mut. Ins. Co. v. Blue Cross and Blue Shield Ass'n, 983 F.2d 1065 (6th Cir.1992). The district court did not make any disputed factual findings in this case that would implicate review for clear error.
 
 
 7
 While it was unclear from the record and from Ball's brief, Ball represented at oral argument that the appellate fee award he is requesting would come out of the pockets of the members of the plaintiff class. These monies from the settlement agreement have not yet been distributed by the district court, although attorney's fees have been.
 
 
 8
 We hold that the district court did not abuse its discretion in denying Ball's motion for attorney's fees. The class action device is a useful one, without which many meritorious suits would not be brought. One of the drawbacks of this procedural mechanism for aggregating meritorious claims that might otherwise go unprosecuted, however, is the fact that attorneys representing the named class representatives often are well compensated while members of the class, those who actually suffered legal injury, sometimes receive very modest or disproportionately small awards. Sylvia R. Lazos, Note, Abuse in Plaintiff Class Action Settlements: The Need for a Guardian During Pretrial Settlement Negotiations, 84 Mich.L.Rev. 308, 310 (1985). While we do not mean to suggest that Ball somehow took advantage of the class members (indeed, all of the evidence before us shows Ball to be a hardworking attorney who received only a modest fee award for his work in the trial below), the discretion to balance the compensation for class members against the need to create a sufficient incentive for attorneys to bring class actions is reposed in the district courts in the first instance. Ball has made no arguments that have caused us to think that the balance struck by the district court between these competing considerations in this case was an abuse of discretion.
 
 
 9
 Ball's arguments were primarily directed to the unfairness of the district court's denial of his motion given that his fellow attorneys, who worked on the trial and obtained the settlement agreement, opted to sit on the sidelines during the appeal. We note that Ball's arguments would have been considerably more persuasive if he had requested the district court to order his fellow trial attorneys to contribute money out of the attorney's fees that have already been distributed for his appellate work. The district court issued no such commands to the other attorneys, even though the court's original Order seemed to contemplate retaining jurisdiction over the fee awards to all of the class lawyers involved for the possible purpose of reducing those awards once data became available about the fees generated by the appeal. Of course, we do not know how the district court would have responded to such a motion by Ball (or would respond to a future motion) and can express no opinion on whether the denial of an award of appellate fees to Ball in that circumstance would have been an abuse of discretion.
 
 
 10
 District courts may in the future want to consider devising ways to avoid creating free-rider problems for attorneys who represent named class representatives on appeal. We suggest signaling to class attorneys shortly after a settlement is reached that a larger fee award could await those whose work is necessary to defend an appeal challenging the validity of the settlement. We note that in this case the settlement was also ably defended by defendant Champion, using its own funds. 35 F.3d at 1058.
 
 III
 
 11
 The district court's denial of Ball's motion for attorney's fees is AFFIRMED.
 
 
 12
 KEITH, Circuit Judge, dissenting.
 
 
 13
 I must respectfully dissent in this case because I believe Gordon Ball has been unjustly denied compensation for work he completed on the original appeal of this case. The Supreme Court has noted that when a plaintiff has "obtained excellent results, his attorney should recover a fully compensatory fee." Hensley v. Eckerhart, 461 U.S. 424, 435, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). A panel of this Circuit dismissed the disgruntled class members' action based exclusively on the reasoning employed by Ball in his brief. Consequently, it is hard to imagine a more advantageous result than the one that Ball obtained for his clients in this case.
 
 
 14
 The district court declared in a March 10, 1995, Order that the settlement disbursement would not prejudice Ball from receiving "fees and expenses for work done on appeal." If the district court had not made this statement, Ball may have objected to the proceeds being disbursed. At the very least he might have requested, as the majority now suggests he should have done, that the other attorneys compensate him for his work. However, after having implied in the March 10, 1995, Order that Ball would be paid for his appellate work and expressly recognizing in a March 30, 1995, Order that "some compensation" was due Ball for protecting the "validity of the settlement," the district court nevertheless denied Ball's petition for attorney's fees. Given these circumstances, I believe the denial of Ball's fees was fundamentally unjust and constituted an abuse of discretion. As a result, I would order that this case be remanded to the district court for a determination as to the correct amount that Ball should have received. I would also order that Ball be compensated out of the settlement proceeds that have already been disbursed to the other attorneys.
 
 
 
 [1]
 Merrell's name is misspelled by Ball and by the district court
 
 
 [2]
 The word "required" seems inappropriate here. Perhaps the district court intended to use the word "recognized."