**Johnny Ray CHANDLER, Sr.,
Plaintiff–Appellant,**

v.

**CORRECTIONS CORPORATION OF
AMERICA, et al., Defendants–
Appellees.**

No. 01–4307.

United States Court of Appeals,
Sixth Circuit.

Aug. 14, 2002.

Before: NELSON, BOGGS, and NORRIS, Circuit Judges.

*ORDER*

Johnny Ray Chandler, Sr., an Ohio prisoner proceeding pro se, appeals a district court summary judgment for the defendants (Corrections Corporation of America, corrections officers Kevin Jackson, T. Robinson, David Mitchell and Pastella) in this civil rights action filed pursuant to 42 U.S.C. § 1983. Chandler has filed a motion for oral argument and a motion for counsel. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Chandler sues the defendants alleging that they violated his Eighth Amendment right to be free from cruel and unusual punishment when they used excessive force against him on three separate occasions (May 26, 1998, June 2, 1998, and June 17, 1998) while he was incarcerated at the Northeast Ohio Correctional Center.

Chandler also alleges that his due process rights were violated when the defendants failed to respond to the grievance detailing two of the alleged incidents of the use of excessive force. Chandler sought monetary and equitable relief.

After a period of discovery, the defendants moved for summary judgment. Chandler filed a response. The district court granted summary judgment for the defendants after concluding that Chandler's excessive force claim was barred by the doctrine of claim preclusion and that he failed to state a due process claim. Reconsideration was denied. This timely appeal followed.

This court reviews de novo the district court's grant of summary judgment. *See, e.g., Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c).

Upon review, we conclude that the district court properly found that Chandler's excessive force claim was barred by res judicata for the reasons stated by that court *See Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir.1997); *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir.1994). Chandler's excessive force claim was litigated. Judge Polster determined that Chandler's claim pertained directly to a class action settlement agreement. When Judge Polster dismissed the class action under the terms of the settlement, he also dismissed Chandler's excessive force claim. Further, because Chandler's earlier lawsuit was consolidated into the class action, he is bound by the release within the settlement agreement. *See Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 880–81, 104 S.Ct. 2794, 81 L.Ed.2d 718 (1984). Although Chandler disputes his inclusion in the class, undisputed evidence shows that he

was clearly an unnamed class member because he was housed at the Northeast Ohio Correctional Center after May 1, ·1997. Absent unnamed members of a class are bound by a judgment rendered in a properly certified class action. *See Shults v. Champion Int'l Corp.*, 35 F.3d 1056, 1058 (6th Cir.1994). Therefore, the settlement agreement release waived Chandler's excessive force and due process claims.

Even if the settlement agreement had not released Chandler's due process claim, this claim is without merit because Turner's failure to respond to Chandler's grievance did not impose any atypical or undue hardship upon Chandler. *See Sandin v. Conner*, 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Accordingly, the motions for oral argument and for counsel are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.