MEMORANDUM OPINION
{¶ 1} On September 16, 2008, appellant, Gary Harris, filed his Notice of Appeal from the June 17, 2008 judgment entry of the Ashtabula County Court of Common Pleas, memorializing the settlement agreement reached by the parties to this Replevin action. Also on June 17, 2008, the trial court struck from the record Gary's Third Party Defendant's] Motion to Vacate Judgment Order of May 19, 2008 and Third Party Cross-Claim, on the grounds that Gary was not a party to the underlying action. *Page 2 
 {¶ 2} On September 29, 2008, appellee, Marlene Gray, f.k.a. Marlene Harris, filed a motion to dismiss with this court. In her motion, Marlene posits that Gary's notice of appeal was untimely filed and that he has no standing to appeal the trial court's entry. On October 10, 2008, Gary filed a brief in opposition to Marlene's motion to dismiss the appeal.
 {¶ 3} We agree with Marlene that Gary's notice of appeal was untimely filed. The notice of appeal was filed ninety-one days after the trial court issued the judgment, and it was due on Thursday, July 17, 2008, which was not a holiday or a weekend.
 {¶ 4} App. R. 4(A) states that:
 {¶ 5} "A party shall file the notice of appeal required by App. R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 6} Loc. R. 3(D)(2) of the Eleventh District Court of Appeals provides:
 {¶ 7} "In the filing of a Notice of Appeal in civil cases in which the trial court clerk has not complied with Ohio Civ. R. 58(B), and theNotice of Appeal is deemed to be filed out of rule, appellant shall attach an affidavit from the trial court clerk stating that service was not perfected pursuant to Ohio App. R. 4(A). The clerk shall then perfect service and furnish this Court with a copy of the appearance docket in which date of service has been noted. Lack of compliance shall result in the sua sponte dismissal of the appeal under Ohio App. R. 4(A)." (Emphasis sic.)
 {¶ 8} Here, Gary has neither complied with the thirty-day rule set forth in App. R. 4(A), nor alleged that there was a failure by the trial court clerk to comply with Civ. R. 58(B). The time requirement is jurisdictional in nature and may not be enlarged by an *Page 3 
appellate court. State ex rel. Pendell v. Adams Cty. Bd. ofElections (1988), 40 Ohio St.3d 58, 60; App. R. 14(B).
 {¶ 9} Further, even if Gary had timely filed the appeal, we agree with Marlene that Gary is not a party to this matter. The docketing statement shows that on June 30, 2008, after the trial court's June 17, 2008 judgment entry, Gary filed three motions with the trial court: (1) a Civ. R. 60B) motion to vacate; (2) a Civ. R. 59(A)(2) motion for reconsideration; and (3) a Civ. R. 24(A) motion to intervene.
 {¶ 10} "It is well-established that a non-party to an action who `claims an interest relating to the property or transaction which is the subject of the action and [who] is so situated that disposition of the action may as a practical matter impair or impede his ability to protect that interest' may file a motion to intervene pursuant to Civ. R. 24(A)."Sutherland v. ITT Residential Capital Corp. (1997), 122 Ohio App.3d 526,537.
 {¶ 11} In the instant matter, Gary was not a party to the trial court proceedings and he lacks standing to appeal from the decision in that action. His motion to intervene was filed after the trial court's June 17 entry, which is the subject of the instant appeal. Thus, Gary has no standing to appeal.
 {¶ 12} For the foregoing reasons, appellee's motion to dismiss is granted, and this appeal is dismissed for lack of jurisdiction.
 {¶ 13} Appeal dismissed.
CYNTHIA WESTCOTT RICE, J., COLLEEN MARY OTOOLE, J., concur. *Page 1