MEMORANDUM OPINION
{¶ 1} On October 31, 2008, appellant, Claudia M. Unger, filed a notice of appeal from a September 30, 2008 judgment entry of the Lake County Court of Common Pleas. Thus, Claudia's notice of appeal was filed thirty-one days after the judgment had been *Page 2 
issued by the trial court. Claudia's notice of appeal was due on Thursday, October 30, 2008, which was not a holiday or a weekend.
 {¶ 2} Appellee, AVI Food Systems, filed a motion to dismiss the appeal on November 12, 2008, and appellee, the Director of Ohio Job and Family Services, filed a separate motion to dismiss with this court on November 14, 2008. In their motions, both AVI and the Director of JFS argue that the appeal is untimely and must be dismissed for lack of jurisdiction. Claudia filed no response to the motions to dismiss.
 {¶ 3} App. R. 4(A) states that:
 {¶ 4} "A party shall file the notice of appeal required by App. R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 5} Loc. R. 3(D)(2) of the Eleventh District Court of Appeals provides:
 {¶ 6} "In the filing of a Notice of Appeal in civil cases in which the trial court clerk has not complied with Ohio Civ. R. 58(B), and theNotice of Appeal is deemed to be filed out of rule, appellant shall attach an affidavit from the trial court clerk stating that service was not perfected pursuant to Ohio App. R. 4(A). The clerk shall then perfect service and furnish this Court with a copy of the appearance docket in which date of service has been noted. Lack of compliance shall result in the sua sponte dismissal of the appeal under Ohio App. R. 4(A)." (Emphasis sic.)
 {¶ 7} Here, Claudia has neither complied with the thirty-day rule set forth in App. R. 4(A) nor alleged that there was a failure by the trial court clerk to comply with Civ. R. 58(B). "The time requirement is jurisdictional in nature and may not be enlarged *Page 3 
by an appellate court." Gray v. Kingsville Towing, 11th Dist. No. 2008-A-0057, 2008-Ohio-6056, at ¶ 8, citing State ex rel. Pendell v.Adams Cty. Bd. of Elections (1988), 40 Ohio St.3d 58, 60; App. R. 14(B).
 {¶ 8} Accordingly, the motions to dismiss of AVI and the Director of JFS are granted, and this appeal is dismissed pursuant to App. R. 4(A).
 {¶ 9} Appeal dismissed.
 CYNTHIA WESTCOTT RICE, J., COLLEEN MARY O'TOOLE, J., concur. *Page 1